Case 2:13-cr-00844 Document 909 Filed in TXSD on 03/18/16 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
March 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-13-844-6 |
| | § | (CA. No. C-15-236) |
| MIGUEL MONTEMAYOR, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, AND DENYING A CERTIFICATE OF APPEALABILITY**

Miguel Montemayor (Montemayor) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 along with a memorandum in support. D.E. 833, 843. The United States responded and filed a motion to dismiss. D.E. 869. Defense counsel filed his affidavit and Montemayor filed a Reply. D.E. 858, 898. The government responded to new allegations in Montemayor's reply. D.E. 908. The Court denies Montemayor's § 2255 motion because it is untimely and denies him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331.

## II. BACKGROUND

Montemayor was indicted in Count One of a multi-defendant ten-count indictment. Count One charged him and 22 others with conspiracy to possess with intent to distribute more than 1 kilogram of heroin, more than five hundred grams of a mixture containing a

1

detectable amount of methamphetamine and more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). D.E. 89. He retained counsel[1] and ultimately pleaded guilty to Count One. D.E. 245, 421.

During rearraignment, the Court admonished Montemayor regarding his trial rights, his right to counsel, the elements of the offense, and the maximum punishment.[2] The Court reviewed the plea agreement with Montemayor. Montemayor testified that he was pleading guilty voluntarily and that he was not promised a specific sentence. *Id.*, p. 15. Montemayor pleaded guilty to conspiracy to possess with intent to distribute more than 5 kilograms of

---

[1]   THE COURT: And is Mr. Alvarez your attorney?
     THE DEFENDANT: Yes, sir.
     THE COURT: Did you hire him, or did the Court appoint him?
     THE DEFENDANT: My family hired him.
     THE COURT: Are you satisfied with his services?
     THE DEFENDANT: Yes, sir.
     THE COURT: Do you believe he's acting only in your own behalf?
     THE DEFENDANT: Yes, sir.
     THE COURT: Is he following your instructions?
     THE DEFENDANT: Yes, sir

D.E. 861, pp. 5-6.

[2]   THE COURT: If you are convicted of more than 5
     kilograms of cocaine, the maximum possible punishment is a
     period of life in the penitentiary. There is a minimum
     mandatory sentence of ten years in the penitentiary. There is
     no probation, and no parole from this offense. You must serve
     at least ten years in the penitentiary as a minimum mandatory
     sentence, unless there are some exceptions in the law that
     apply, such as substantial assistance, in which the Government
     can ask me to sentence you to less than ten years, or the
     safety valve provision under the guidelines if you qualify for
     it.

*Id.*, p. 12.

2

cocaine. *Id*., p. 17. The government outlined the facts related to Montemayor. Montemayor agreed with the government's recitation of the facts. *Id*., pp. 17-21.

At sentencing, the Court reminded Montemayor about the mandatory minimum sentence and Montemayor testified that he understood. D.E. 862, p. 5. The Court sentenced Montemayor to 120 months imprisonment, five years supervised release and a $100 special assessment. *Id*. The Court advised Montemayor of his right to appeal by filing a notice within 14 days. *Id*., p. 8. Judgment was entered on the docket on April 25, 2014. D.E. 583. Montemayor did not appeal.

He filed the present motion on or about May 21, 2015. D.E. 833, pp. 6-8.

### III. MOVANT'S ALLEGATIONS

Montemayor claims 1) counsel failed to file a notice of appeal after Montemayor and his wife asked him to do so, 2) counsel failed to advise him of the appropriate statute of conviction, 3) limitations should be equitably tolled on the grounds that counsel misled him regarding his appeal, and 4) counsel had him plead guilty to a conspiracy involving 5 kilograms of cocaine when he was only guilty of 3.4 kilograms of cocaine and the difference doubled his sentence. D.E. 833, 834.

In his reply to the government's motion to dismiss for untimeliness, Montemayor raises additional bases for equitable tolling, 1) that he was moved from a federal facility to a county facility from October 2014 through April 2015 and had no access to federal legal materials and 2) when he was returned to BOP custody, his legal papers were withheld until they could be inventoried. D.E. 898, pp. 3-4.

3

## IV. ANALYSIS

### A. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Montemayor's judgment became final on May 9, 2014, fourteen days after judgment was entered on the docket. *See* Fed. R. App. P. 4(b)(1). He was required to file his motion to vacate no later than one year from that date, or on or before May 9, 2015. Montemayor's motion was filed (at the earliest) on May 21, 2015, the day on which he placed it in the prison

---

[3] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

mail.[4] Fed. R. App. P. 4(c). He mailed it eleven days too late unless limitations is equitably tolled.

**B.     Equitable Tolling**

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255 is subject to equitable tolling. *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). Whether a defendant has shown grounds for equitable tolling is a case-by-case inquiry dependent on the facts and circumstances of each case. *Id*. (citing *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000)). Such tolling is "reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. A defendant seeking equitable tolling must establish that 1) he pursued habeas relief with reasonable diligence and 2) "extraordinary circumstances" stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

---

[4] Montemayor's motion includes a declaration dated May 22, 2015. D.E. 833, p. 6. His certificate of service is dated May 21, 2015, and the Bureau of Prisons date stamped the envelope on May 22, 2015. *Id*., pp.7, 8. For purposes of this motion, whether the document was deposited in the prison mail on May 21 or May 22 makes no difference.

      1. *Counsel allegedly failed to file a notice of appeal and failed to respond to inquiry*

Montemayor claims that he asked his counsel to file a notice of appeal "after sentencing." D.E. 833, p. 4. He argues that he "specifically instructed his counsel to file a notice both through the United States mail and his wife" who "contacted counsel and informed him to appeal." D.E. 834, p. 4. Montemayor provided copies of two letters that he allegedly sent to counsel on June 22, 2014, and on December 14, 2014. *Id*., pp. 10-11. The July letter references a previous letter to which counsel did not respond and telephone calls by Mrs. Montemayor that counsel did not return. *Id*., p. 10. Both letters request information as to the status of Montemayor's appeal. Mrs. Montemayor provided an affidavit that states that she tried to leave a message for counsel that her husband wanted to appeal, but was unsuccessful. She states that she also "mailed a letter to the effect that reflects a wish to appeal as my husband requested." *Id*., p. 9. She does not identify the dates on which she took these actions. Mrs. Montemayor states that she made other telephone calls, "but at no time could I reach the Attorney." *Id*. Notably, counsel denies Montemayor asked him to file an appeal and states that Montemayor never wrote him or telephoned him. Counsel admits that Mrs. Montemayor called, but her conversations were not related to an appeal. D.E. 858.

      In *Patterson*, the defendant was misled by the district court as to the applicable date that limitations would expire. Equitable tolling was permitted. *Patterson*, 211 F.3d at 932. But in other cases in which a defendant's counsel missed a deadline, equitable tolling was generally not allowed. *See Palacios v. Stephens*, 723 F.3d 600, 608 (5th Cir. 2013) (disallowing equitable tolling where petitioner's application was one day late and counsel

had unreasonably delayed, Palacios fired habeas counsel, but did not get his application in before the deadline); *Manning*, 688 F.3d at 185-86 (finding lack of diligence in supervising habeas counsel over a 19 month period). One distinction between these cases and Montemayor's is that it was his direct appeal counsel who was allegedly unresponsive to Montemayor's directive to file a notice of appeal. However, during the year after sentencing and after no response from counsel (according to Montemayor), Montemayor did not contact this court or the Fifth Circuit to obtain information regarding his appeal.

The Court need not resolve the factual conflict between counsel and Montemayor's affidavits. The Court finds that Montemyor's failure to contact either this Court or the Fifth Circuit Court of Appeals to check on the status of his appeal constitutes a lack of reasonable diligence such that equitable tolling is not available to Montemayor on that basis.

2. *Montemayor's lack of access to federal library materials*

Montemayor alleges that he was transferred to an unidentified county detention facility after federal sentencing where he claims he did not have access to a law library with federal materials or to assistance from other inmates or law library staff. D.E. 898. His reply is unsworn and his attached affidavit does not address this allegation. *See* D.E. 898-1.

The record contradicts Montemayor's assertion in part. The return of judgment states that Montemayor was delivered on May 22, 2014, to USP MCR in Pine Knot, Kentucky. D.E. 658. According to the BOP's website, Pine Knot houses over 1500 inmates and has a

law library with access to federal legal materials. The McCreary Admissions & Orientation Handbook describes the available materials.[5]

Furthermore, Montemayor filed a motion with this Court that requests the Court to correct his PSR. That motion included citation to authority and was signed on May 5, 2015, before limitations expired to file Montemayor's § 2255 motion. *See* D.E. 893. That motion further demonstrates that Montemayor had access to legal assistance on or before the due date for his § 2255 motion.

Montemayor's request for equitable tolling is denied. Because Montemayor's motion is untimely, this Court may not address the merits of his claims.

---

[5] LAW LIBRARY: The Law Library is located in the Education Department and contains a variety of legal reference materials and an Electronic Law Library for use in preparing legal papers. Reference materials include the United States Code Annotated, Federal Reporter, Supreme Court Reporter, and Bureau of Prisons' Program Statements, Institution Supplements, Indexes and other legal materials. The Law Library is open Monday through Thursday from 8:00 a.m. - 10:00 a.m., 12:30 p.m. - 3:30 p.m. and 4:45 p.m. - 8:00 p.m., Friday from 8:00 a.m. - 10:00 a.m., 12:30 - 3:30 p.m.; Saturday, Sunday, and Holidays from 7:30 a.m. - 9:30 a.m. and 12:00 p.m. - 3:00 p.m. An inmate Law Library Clerk is available for assistance in legal research. Legal materials are available to inmates in detention or segregation status, via an Electronic Law Library. Inmates who require additional time in the law library due to an imminent court deadline may submit an Inmate Request to Staff Member, via the appropriate call-out box located in the green corridor. Upon review of the request, the inmate will be placed on call-out.

McCreary Admissions & Orientation Handbook, p. 36, ¶ D. The Handbook is available from https://www.bop.gov/locations/institutions/mcr/.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Montemayor has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Montemayor is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

Montemayor's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 833, D.E. 1 2:15-CV-236) is DENIED, the government's motion (D.E. 869) is GRANTED and Montemayor is DENIED a Certificate of Appealability.

ORDERED this 18th day of March, 2016.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

10